*460 KING, Chief Judge,
dissenting:
I respectfully dissent. For the reasons cogently explained in Parts II.A-B and III of Judge Smith’s dissenting opinion, I would hold that guardian ad litem fees cannot be taxed as costs of court under the authority of Rule 54(d) because they are not enumerated in 28 U.S.C. § 1920. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). As to whether Rule 17 provides a separate source of authority, it could well be that the power to appoint a guardian ad litem carries with it an inherent power to order payment: out of the award, out of some res before the court, from the parents, or possibly from another private party before the court; the bounds of the district court’s authority in such practical matters are difficult to mark. But, whatever may be true as regards the liability of a private litigant, Rule 17 does not (and arguably could not) provide the clear and explicit waiver of sovereign immunity that would permit an order directed at the government, which is the issue in today’s case. See, e.g., United States v. Nordic Village, Inc., 503 U.S. 30, 33-34, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992); cf. 28 U.S.C. § 2412(a)(1).